**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **BOBBI G. WORKMAN,**<br>Plaintiff,<br>vs.<br>**COMMISSIONER OF SOCIAL SECURITY,**<br>Defendant. | CASE NO. 19-cv-03895-YGR<br>**ORDER GRANTING MOTION FOR ATTORNEY'S FEES**<br>Re: Dkt. No. 23 |

After appealing the Social Security Administration's denial of disability insurance benefits and receiving past-due benefits upon remand, counsel for plaintiff Bobbi G. Workman filed this motion for attorney's fees in the amount of $16,407.00 pursuant to 42 U.S.C. section 406(b). (Dkt. No. 23.) Plaintiff's counsel Harvey Sackett served plaintiff with a copy of the motion for attorney's fees and supporting papers (Dkt. No. 30, ¶ 1, Exh. A), but plaintiff has not filed a response or raised any objections to the fee request. The Commissioner of Social Security filed a response providing his own analysis of the fee request but taking "no position on the reasonableness of the request." (Dkt. No. 26.)

Having carefully reviewed the papers, including the requested supplemental submissions, and for the reasons stated below, the Court **GRANTS** the motion.

**I.   BACKGROUND**

Plaintiff, by and through her counsel Harvey Sackett, filed this case on July 7, 2019, seeking review of the Commissioner's decision denying benefits pursuant to the Social Security Act, 42 U.S.C. section 405(g). (Dkt. No. 1.) On February 11, 2020, after plaintiff filed her motion for summary judgment, the parties stipulated to remand the matter for further administrative proceedings. (Dkt. No. 18.) The Court entered an order and judgment accordingly. (Dkt. No. 19.) On remand, an administrative law judge found plaintiff disabled and entitled to a period of disability and disability insurance benefits. (Dkt. No. 23-2.)

On May 11, 2021, the Administration issued a Notice of Award regarding past due benefits for the period from April 2016 through September 2020. (Dkt. No. 30, ¶ 4, Exh. B.) Specifically, the Administration awarded past-due benefits of $65,633.60, from which it withheld 25%, or $16,408.40, to cover plaintiff's attorney's fees. (*Id*.) Under a contingent-fee agreement, plaintiff agreed to pay counsel up to 25% of any past-due benefits award. (*Id.* ¶ 5, Exh. C.)

Pursuant to the parties' stipulation, on May 13, 2020, the Court ordered payment of $3,824.40 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. section 2412(d). (Dkt. No. 22.) The order specifically noted that the "award is without prejudice to Plaintiff's right to seek attorney's fees under section 206(b) of the Social Security Act, 42 U.S.C. section 406(b), subject to the offset provisions of the EAJA." (*Id.*) Plaintiff now moves for attorney's fees in the amount of $16,407.00, with counsel to reimburse plaintiff the $3,824.40 in EAJA fees previously paid by the Commissioner.

## II.     LEGAL STANDARD

Section 406(b) provides that "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 41 U.S.C. § 406(b)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002) (holding that contingent-fee agreements are not enforceable to the extent that they provide for fees exceeding 25% of the past-due benefits); *Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2019) ("the 25% cap in § 406(b)(1)(A) applies only to fees for court representation, and not to the aggregate fees awarded under §§ 406(a) and (b)"). A court may award such a fee even if the court's judgment did not immediately result in an award of past-due benefits. Where the court has rendered a judgment favorable to a claimant by reversing an earlier determination by an administrative law judge and remanding for further consideration, the court may calculate the 25% fee based upon any past-due benefits awarded on remand. *See*, *e.g.*, *Crawford v. Astrue*, 586 F.3d 1142 (9th Cir. 2009) (en banc).

2

The court must serve "as an independent check" of contingency fee agreements "to assure that they yield reasonable results." *Gisbrecht*, 535 U.S. at 807.  While Section 406(b) does not address how to determine whether a fee is reasonable, Ninth Circuit case law directs district courts to "respect 'the primacy of lawful attorney-client fee agreements' [by] 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 789, 808).  This test should not rest on lodestar calculations, but should instead look at "the character of the representation and the results of the representative achieved," and adjust the award accordingly.  *Gisbrecht*, 535 U.S. at 808 (courts may look to the lodestar calculation "*only as an aid* in assessing the reasonableness of the fee").  This can include analyzing whether counsel provided substandard representation; any dilatory conduct by counsel to accumulate additional fees; whether the requested fees are excessively large in relation to the benefits achieved; and the risk counsel assumed by accepting the case.  *See Crawford*, 586 F.3d at 1151–52.

Finally, the court must offset an award of Section 406(b) attorney's fees by any award of fees granted under the EAJA.  *See Gisbrecht*, 535 U.S. at 796; *Parrish v. Comm'r of Soc. Sec.*, 698 F.3d 1215, 118 (9th Cir. 2012).

### III. ANALYSIS

Here, the executed representation agreement between plaintiff and her counsel specifies that attorney's fees will be "no greater than 25% of the past-due benefits." (Dkt. No. 30, ¶ 5, Exh. C.)  The $16,407.00 fee requested by counsel does not exceed 25% of the retroactive benefits ($65,633.60).  Further, there is no indication that a reduction of fees is warranted due to any substandard performance by counsel or that counsel delayed these proceedings in an effort to increase the amount of fees awarded.[1]  To the contrary, counsel achieved favorable results for plaintiff as his representation resulted in plaintiff receiving substantial past-due benefits.

---

[1] Counsel requested, and the Court granted, a single extension of time to file plaintiff's motion for summary judgment. (Dkt. No. 15.)  Counsel sought the request in light of his then "upcoming schedule of administrative hearings and district court briefs due [twenty opening briefs and four reply briefs]." (*Id.*)

Nor is the amount of fees, $16,407.00, excessive in relation to the past-due benefits award of $65,633.60. *See, e.g.*, *Leonard v. Berryhill*, No. 16-CV-3988 (BLF), Dkt. No. 32 (N.D. Cal. Oct. 1, 2020) (awarding counsel Sackett $20,500.00 in fees following a retroactive benefits award of $91,536.00); *Cerrillo v. Berryhill*, No. 18-CV-3863 (RS), Dkt. No. 33 (N.D. Cal. June 23, 2020) (awarding counsel Sackett $21,024.75 in fees following an award of $84,098.40 in past-due benefits).

Counsel provided a timesheet that reflected 17.6 hours of services rendered by counsel in plaintiff's case, along with 2 hours of paralegal work. (Dkt. No. 23-5.) While counsel's effective hourly rate of $932.22 appears high, *Gisbrecht* guides the Court to consider lodestar calculations as an aid, focusing instead on the contingency agreement and the outcome of the case. *See* 535 U.S. at 808; *see also Saccomano v. Saul*, No. 18-CV-2624 (JCS), Dkt. No. 47 (Oct. 6, 2020) (awarding counsel Sacket fees with effective hourly rate of $1,050.04); *Dreesman v. Colvin*, No. 16-CV-2549 (HSG), Dkt. No. 41 (N.D. Cal. Sept. 27, 2019) (awarding counsel Sackett fees with effective hourly rate of $1,034.86).

Moreover, the Court finds that counsel assumed a substantial risk of not recovering fees by representing plaintiff on a contingency basis for four years. Plaintiff and counsel entered into the contingency fee agreement in October/November 2016 prior to the filing of this action. (Dkt. No. 23-4.) At that point, the Administration had denied plaintiff's application for disability benefits. Counsel could not have known that the Commissioner would, years later, agree to remand for further proceedings and ultimately find that plaintiff was entitled to past-due benefits.[2]

Thus, given the results achieved, the time expended, and the risk undertaken in representation of plaintiff, the fee requested would not result in a windfall to counsel. Accordingly, the Court finds that the amount of requested fees is reasonable. *See Crawford*, 586 F.3d at 1153 (affirming the reasonableness of the fees where the effective hourly rates were $519,

---

[2] Counsel also provided evidence that a lawyer representing social security claimants in federal court in 2019 could anticipate payment in only about 24.25% of cases because (1) district courts immediately granted benefits in only 2% of social security disability cases, and (2) in the 50% of cases in which the district court remanded, the Administration awarded benefits only about 45% of the time. (Dkt. Nos. 23-1 at 4–5; 23-6.)

4

$875, and $902).

Once the court determines that the fee sought under section 406(b) is reasonable, it must account for the attorney's fees paid by the Commissioner pursuant to the EAJA. *Gisbrecht*, 535 U.S. at 796. "Congress harmonized fees payable by the Government under EAJA with fees payable under [Section] 406(b) out of the claimant's past-due Social Security benefits" by requiring the claimant's attorney to refund to the claimant the amount of the smaller fee up to the point where the claimant receives 100% of the past-due benefits. *Id.* Here, the Court finds counsel's Section 406(b) request reasonable, and therefore counsel shall refund to plaintiff the $3,824.40 in EAJA fees that it previously granted pursuant to stipulation. (Dkt. No. 22.) Counsel and plaintiff acknowledge as much in their motion. (Dkt. No. 23-1 at 2.)

### IV. CONCLUSION

Based upon the foregoing, the Court **GRANTS** the instant motion for attorney's fees. Counsel is awarded reasonable attorney's fees under Section 406(b) in the amount of **$16,407.00**. Previously, this Court awarded attorney's fees of $3,824.40 pursuant to the EAJA. Because the EAJA award is smaller than the current award, **$3,824.40** shall be refunded to plaintiff Bobbi G. Workman.

This Order terminates Docket Number 23.

**IT IS SO ORDERED.**

Dated: September 21, 2021

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE